On the Merits.
McEnery, J.
This suit was instituted in 1885, by John N. Wilberding, under tutor, against C. L. O. Oass, natural tutor of Ms minor children, to have him removed from the tutorship.
*383 The ease was placed on the dead docket, but revived in 1889. After the institution of the suit' in July, 1885, the natural tutor permanently left the State and acquired a domicil in Chicago in the State of Illinois. When he left the State of Louisiana he carried his minor children with him, and they have remained with their father at his new domicil since they were taken beyond the jurisdiction of this State.
The natural tutor filed an exception to this action, when it was revived, alleging that he had permanently left the State of Louisiana, taking his children with him, and had acquired a residence in Illinois, and the court was therefore without jurisdiction to entertain the suit.
There was judgment maintaining the exception, and the plaintiff has appealed.
The fact of the tutor Oass having left the State and acquired a bona fide residence in Illinois is fully established. As he took his children with him the domicil of the father became the domicil of the children. The law places no restraint upon the movements of the natural tutor. He has the absolute right to remove from the State and carry his children with him, and acquire a residence in another State. 9 Mart. 543; 4 Mart. 715; 7 La. 543.
In changing residence from one parish in the State to another the tutor does not lose the tutorship. The tutor is always within the same territorial jurisdiction, and does not lose his citizenship. The new domicil in the State of the tutor becomes necessarily the domicil of the minor. State vs. Godge, 2 R. 418; 4 An. 523; 12 An. 586; 14 An. 566.
But where the tutor immigrates to another jurisdiction and acquires a domicil there, he ipso facto forfeits the tutorship under the laws of Louisiana.
By leaving the State permanently and making his residence elsewhere, he ceases to be the tutor of the minors, as though he had died.
There is-no necessity of a judgment removing him from the tutorship, and if the minors reside in the State, it is the duty of the judge to appoint another tutor in his stead. R. C. C., Art. 314; Succession of Bookter, 18 An. 157: Bailey vs. Morrison, 4 An. 523.
If a suit had been instituted by the under tutor, some of the minors being still in the State, against the tutor to remove him.for any of the causes specified in Act. 82 of 1880, amending Art. 303, C. 0., and *384 he had moved from the State permanently, in the interest of the minors still residing in the State, the suit for removal could be prosecuted to a final judgment. The act of changing domicil could not deprive the minors who had never left the territorial limits of the State of the protection of the jurisdiction which conferred the tutor ship. So far as these minors, still living in the State and under the protection of the laws, are concerned, the jurisdiction of the court would be asserted in order to remove the tutor and appoint another to take care of their person and estate, still within the territorial jurisdiction of the State. Lyons vs. Andrews, 15 An. 685.
In the instant case the tutor has permanently left the State and has taken all of his minor children with him, and their domicil is now in the State of Illinois. So far, then, as the tutorship is concerned it is absolutely ended in this jurisdiction. It makes no difference whether it was terminated before or during the pendency of the suit, as there is now no reason why the court should appoint a tutor to take charge of the person of the minors. The courts in this State have no power to compel the father to return the minors to his former domicil, and there is no process they can issue that could bring them here so as to be subject to.this jurisdiction.
The tutorship being ended by the permanent absence from the State of both tutor, and minors, the courts here have no jurisdiction in the matter of the tutorship so far as it relates to the custody and care of the minors.
The domicil of the minors being that of the father, natural tutor, the jurisdiction in which the domicil is situated is charged with the appointment of the guardian and tutor.
The general administration of the minors’ estate is confided to the guardian appointed at their domicil. As the minors own and possess property in Louisiana, in the absence of a guardian appointed at their domicil, it may become necessary to appoint a tutor for special purposes of administering the property. Harnan et al. vs. McCauley, 9 L. 567.
When such a contingency arises there is no doubt of the jurisdiction of the court to act in the matter and appoint the tutor for this special purpose.
Judgment affirmed.